UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>INTREPID LAW GROUP, LLC, a Washington Limited Liability Company, THI HUYNH and JANE DOE HUYNH, and the marital community composed thereof, BRIAN ROUNDS, and TRACY TAKENAKA, and the marital community composed thereof; DONALD WOODARD an individual; JOSEPH PHAM, an individual; 4200 LETITIA, LLC, a Washington LLC<br><br>Defendant. | No. 2:20-cv-00662<br><br>COMPLAINT FOR DECLARATORY RELIEF |

The Plaintiff, The Hanover Insurance Company ("Hanover"), by and through its counsel of record, Ryan J. Hesselgesser and Carl Forsberg of Forsberg & Umlauf, P.S., allege as follows:

## I. PARTIES

1.1   Plaintiff Hanover is incorporated in Delaware and has its principal place of business in Massachusetts.

COMPLAINT FOR DECLARATORY RELIEF – PAGE 1
CAUSE NO.

2589322 / 520.0042

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

1.2     Defendant Intrepid Law Group, LLC ("Intrepid") is a Washington Limited Liability Company incorporated in the State of Washington and with members residing in the State of Washington.

1.3     Defendants Thi Huynh and Jane Doe Huynh are individuals residing in the State of Washington. Mr. Thi Huynh is a member of Intrepid and attorney licensed to practice law in the State of Washington.

1.5.    Defendant Brian Rounds is an individual residing in the State of Washington.

1.6     Defendant Tracy Takenaka is an individual residing in the State of Washington.

1.7     Defendant Joseph Pham is an individual residing in the State of Washington.

1.8     Defendant Donald Woodard is an individual residing in the State of Washington.

1.9     Defendant 4200 Letitia, LLC is a limited liability company formed under the laws of the State of Washington.

## II. JURISDICTION AND VENUE

2.1     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57 to resolve an actual controversy between the parties as set forth herein.

2.2     This Court has diversity jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between plaintiff and defendants, and the amount at issue exceeds $75,000.  Intrepid and Mr. Huynh seek insurance coverage under a policy of insurance issued by plaintiff, with policy limits of $1 million each claim and not to exceed $2,000,000 Maximum Aggregate.

2.3     The underlying claim(s) exceed $75,000.

COMPLAINT FOR DECLARATORY RELIEF – PAGE 2
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2589322 / 520.0042

2.4     Venue is proper under 28 U.S.C. §128(a), because the Western District of Washington encompasses King County, where the defendant's business is located and the underlying claims took place.

## III. FACTS

**A. Ross Skocilich Claim**

3.1     On or about March 22, 2019 Mr. Huynh received a letter from an attorney for Mr. Ross Skocilich regarding certain allegations pertaining to promissory note between Mr. Skocilich and Joseph Pham. ("Skocilich Claim")

3.2     Mr. Skocilich alleges that Mr. Huynh represented him and Mr. Pham in drafting a promissory note loan of two hundred thousand dollars ($200,000).

3.3     Mr. Skocilich alleges that under the terms of the promissory note, Mr. Skocilich lent Mr. Pham two hundred thousand dollars ($200,000) with an interest rate of 6%.

3.4     Mr. Skocilich alleges that Mr. Huynh and Intrepid were to receive 3% interest out of the possible 6% return rate on the loan.

3.5     Mr. Skocilich claims that the loan was secured by an assignment of proceeds from litigation regarding Post Avenue Property, a deed of trust recorded on 4200 Letitia Ave, a Deed of Trust for 1922 16th Ave S, Seattle, WA, and limited power of attorney for 1922 16th Ave S.

3.6     Mr. Skocilich claims that Mr. Huynh drafted and recorded all security documents related to the promissory note between Mr. Skocilich and Mr. Pham.

3.7     Mr. Skocilich claims that Mr. Huynh and Intrepid failed to disclose a conflict of interest in his representation of Mr. Pham.

3.8     Mr. Skocilich further claims that the 1922 16th Ave S property was Mr. Huynh's wife's property and his and that Mr. Huynh executed a deed of trust for that property as security

COMPLAINT FOR DECLARATORY RELIEF – PAGE 3
CAUSE NO.

2589322 / 520.0042

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

1 for the promissory note for which he was to receive 3% interest.

2     3.9.   Intrepid was the trustee for the 1922 16th Ave property. As a result, Mr. Skocilich claims that if Mr. Pham defaulted on the loan, which he did, Mr. Huynh would be required as trustee to foreclose on his own home for the benefit of Mr. Skocilich.

    3.10   Mr. Skocilich further claims that Mr. Huynh as representative of Intrepid and Trustee executed a full reconveyance on behalf of Mr. Skocilich of the 1922 16th Ave property without authorization or approval of Mr. Skocilich.

    3.11   Mr. Skocilich further claims that Mr. Huynh executed an additional reconveyance of the 4200 Letitia Ave South, property without approval or authorization of his client, Mr. Skocilich.

    3.12   Mr. Skocilich also claims that Mr. Huynh forged Mr. Skocilich's signature on a subordination agreement pertaining to a deed of trust for security on the loan with Mr. Pham.

    3.13   Mr. Skocilich alleges that the conduct of Mr. Huynh not only violated the Rules of Professional Conduct, but violated certain criminal statutes.

    3.14   Mr. Skocilich claims he has not been fully repaid on the loan given to Mr. Pham, but has received approximately $101,000 in repayments.

**B. Shelley Guidry Grievance**

    3.15   As a result of a lawsuit by Pat McGrew against Intrepid and Huynh in King County Superior Court cause no. 19-2-08729-3 and Skocilich Claim, an employee of Intrepid Law Group, Ms. Shelley Guidry filed a grievance with the Washington State Bar Association. ("Guidry Grievance")

    3.16   Ms. Guidry claims that Mr. Pham claimed he had never met Mr. Pat McGrew or Mr. Skocilich and that Mr. Pham never received the funds from those respective loans.

COMPLAINT FOR DECLARATORY RELIEF – PAGE 4
CAUSE NO.

2589322 / 520.0042

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3.17 Ms. Guidry further claims that there were other loans taken out in Mr. Pham's name by Mr. Huynh and the existence of these loans caused her to resign from Intrepid.

**C.  Brian Rounds and Tracy Takenaka Claim & Suit**

3.18 On or about October 14, 2019 Mr. Huynh received a letter from a lawyer representing the claimants, Tracy Takenaka and Brian Rounds.

3.19 Takenaka and Rounds assert that a promissory note dated September 25, 2017 in the amount of $50,000 was not paid per its terms.

3.20 They further allege that Mr. Huynh wrongfully executed a full reconveyance for a deed of trust on real property located at 4200 Letitia Ave S, Seattle, WA 98118, which was security for the promissory note of September 25, 2017.

3.21 The claimants demanded that Mr. Huynh provide proof that he was authorized in writing by the claimants to reconvey the deed of trust, or pay the full amount of the note to them, plus interest.

3.22 Takenaka and Rounds further requested an accounting of all amounts paid to Mr. Huynh as manager of Green Sky Productions, LLC.

3.23 Takenaka and Rounds filed a complaint with the Washington Bar Association on or about March 25, 2020.

3.24 Attached to the Washington Bar Association complaint was a lawsuit naming Intrepid and Huynh as defendants.

3.25 Takenaka and Rounds subsequently filed a complaint in Thurston County, WA superior court on or about April 21, 2020.

3.26 The Complaint alleges that defendant Matt Kaing approached Takenaka and Rounds with an "investment opportunity."

COMPLAINT FOR DECLARATORY RELIEF – PAGE 5
CAUSE NO.

2589322 / 520.0042

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

3.27    The Complaint alleges that the investment opportunity involved a hard-money loan to Defendant 4200 Letitia, LLC and a buy in to a licensed marijuana grow business, Green Sky Productions, LLC.

3.28    Takenaka and Rounds further make the same or similar allegations in the Complaint as the October 14, 2019 letter.

3.29    The Complaint alleges that Intrepid was designated as the Trustee in the deed of trust against the real property that secured the September 25, 2017 promissory note.

3.30    The Complaint alleges causes of action against Thi Huynh and Intrepid Law Group, LLC for violations of RCW 21.20.010 extending civil liability to persons who offer securities fraudulently.

3.31    The Complaint alleges that Thi Huynh in his individual capacity and as agent of Intrepid "disseminated information in the solicitation of the sale of Membership interests of Green Sky Productions LLC that was untrue, and through the omission of material facts, was misleading in violation of RCW 21.20.010."

3.32    The Complaint further alleges a claim for breach of contract against Thi Huynh for the "Membership Assignment" in Green Sky Productions, LLC.

3.33    The Complaint further alleges a claim for Breach of Fiduciary duty on the part of Thi Huynh and Intrepid in their capacity as trustee for the deed of trust securing the promissory note.

3.34    The Complaint further alleges negligence on the part of Thi Huynh as an attorney and as agent for Intrepid and Green Sky Productions.

3.35    The Complaint further alleges claims for misrepresentation and negligent misrepresentation against Thi Huynh as agents for Intrepid and Green Sky Productions.

COMPLAINT FOR DECLARATORY RELIEF – PAGE 6
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2589322 / 520.0042

3.36    The Complaint further alleges claims for Conversion and failure to provide Accounting against Thi Huynh as agent for Intrepid and Green Sky Productions.

3.37    Finally, a claim for Violation of the Consumer Protection Act is alleged against all Defendants, including Thi Huynh and Intrepid.

**D.  Donald Woodard Suit**

3.38    On or about December 7, 2019, Mr. Huynh was served a copy of a third-party complaint in the action titled *4200 Letitia, LLC v. Donald Woodard, et. al.*, Cause No. 19-2-16823-4 ("Woodard Suit")

3.39    In the Woodard Suit, third party plaintiff, Donald Woodard, alleged that in 2017 his neighbor recommended he meet with Mr. Huynh to discuss a real estate investment opportunity.

3.40    Mr. Woodard alleges that he met with Mr. Huynh and Mr. Huynh stated that financing was needed for a real estate development project and that Mr. Huynh presented architectural sketches to Mr. Woodard of the proposed development.

3.41    Mr. Woodard alleges that Mr. Huynh promised the investment would be secured by a lien against the same real estate that secured the Rounds and Takenaka note, and that he would recoup his investment principal plus 15% within one year.

3.42    Mr. Woodard allegedly invested $200,000 in the project on or about August 4 and September 25, 2017.

3.43    Mr. Woodard claims that Mr. Huynh received the monies as escrow agent to hold, safeguard and distribute.

3.44    Mr. Woodard claims that he was not paid back for the loan and that his lien was subordinated without his authorization.

COMPLAINT FOR DECLARATORY RELIEF – PAGE 7
CAUSE NO.

2589322 / 520.0042

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3.45     Mr. Woodard further alleges a claim against Intrepid and Mr. Huynh for Breach of Duty of Care as an Escrow Agent, Fraudulent Inducement, Negligent Misrepresentation and Conversion.

3.46     Mr. Woodard further alleges that Mr. Huynh communicated false information to Mr. Woodard that induced him to make the $200,000 investment.

3.47     Mr. Woodard further alleges that Mr. Huynh made intentionally false and misleading statements and/or assurances to Mr. Woodard to induce him to invest.

3.48     Mr. Huynh was listed as the individual manager of the 4200 Letitia LLC entity when it was reinstated and at the time of Mr. Woodard's claim.

**D.  Policy Provisions**

3.49     Mr. Huynh tendered the above claims to Hanover under Professional Liability Insurance Policy number LH3 9664116 06 with policy period of 08/30/2018 to 08/30/2019 ("Policy").

3.50     Hanover is defending Mr. Huynh subject to a full reservation of rights against the allegations in the Skocilich Claim, the Guidry Grievance, the Takenaka and Rounds Claim, and the Woodard Suit.

3.51     The Policy contains the following pertinent insuring provisions:

**I. INSURING AGREEMENTS**

A. 1. <u>Professional Services Liability</u>

The **Insurer** will pay on behalf of the **Insured, Loss** which the **Insured** is legally obligated to pay due to a **Claim** first made against the **Insured** during the **Policy Period**, or the Extended Reporting Period if applicable, arising from a **Wrongful Act** in the rendering or failure to render **Professional Services**, provided that:

1. The **Wrongful Act** must have first occurred on or after the applicable Retroactive Date(s);

COMPLAINT FOR DECLARATORY RELIEF – PAGE 8
CAUSE NO.

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2589322 / 520.0042

>    2. The **Insured** had no knowledge of the **Claim** or facts which could have reasonably caused such **Insured** to foresee the **Claim,** prior to the effective date of this Policy; and
>
>    3. The **Claim** or **Potential Claim** is reported to the insurer pursuant to Section X. Reporting.
>
>    …
>
>    B. <u>Disciplinary Proceedings</u>
>
>    The **Insurer** will pay on behalf of the **Insured Disciplinary Proceeding Expenses** arising out of **Disciplinary Proceedings** commenced against an **Insured Individual** during the **Policy Period.**

3.52   The Policy contains the following pertinent Definitions under subsection III:

**III.  DEFINITIONS**

**Claim** means any:

>    A. Oral or written demand received by an **Insured** for monetary or non-monetary relief including injunctive relief;
>
>    B. Civil proceeding commenced by the service of a complaint or similar pleading;
>
>    C. Formal administrative or regulatory proceeding commenced by the filing of charges, formal investigative order or similar document;
>
>    D.  Arbitration, or mediation proceeding commenced by the receipt of a demand for arbitration or mediation or similar document; or
>
>    E. Written request first received by an **Insured** to toll or waive a statute of limitations relating to a potential **Claim** described in A. through D. above;
>
>    Against an **Insured** for a **Wrongful Act**, including any appeal therefrom.

**Defense Expenses** means the reasonable and necessary legal fees and expenses including attorney fees and expert fees incurred by the **Insurer** or the **Insured** (other than regular or overtime wages, salaries, fees or benefits of **Insured Individuals)** in the investigation, defense, settlement and appeal of a **Claim**, including but not limited to cost of consultants and witnesses, premiums for appeal, injunction, attachment or supersedeas bonds regarding such **Claim.**

COMPLAINT FOR DECLARATORY RELIEF – PAGE 9
CAUSE NO.

2589322 / 520.0042

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

**Disciplinary Proceeding** means any formal administrative or regulatory proceeding by a regulatory or disciplinary official or agency to investigate or prosecute charges alleging professional misconduct or ethical violations in the performance of an **Insured's Professional Services.**

**Insured** means an **Insured Entity** and any **Insured Individual.**

**Insured Entity** means the **Named Insured** and any **Predecessor Firm. Insured Entity** does not include any title agency, title insurance company or any other entity on whose behalf an **Insured Individual** acts as a title agent or designated issuing attorney.

**lnsured Individual** means any past, present or future owner, partner, shareholder, employee, **Independent Contractor,** or Of Counsel attorney (including part-time, seasonal, leased or temporary employees), intern or volunteer of an **Insured Entity** while acting solely within his or her capacity and scope of duties on behalf of the **Insured Entity, Named Insured, Predecessor Firm** or **Non-Profit Entity.**

**Potential Claim** means any **Wrongful Act,** facts or other circumstances which may subsequently give rise to a **Claim.**

**Professional Services** means:
A. Services as a lawyer, mediator, arbitrator, notary public, administrator, conservator, receiver, executor, guardian, trustee, or in any similar fiduciary capacity, but only if the services rendered are those ordinarily performed by a lawyer;

B. Services as a law clerk, paralegal, legal secretary or other legal support staff;

C. Services (including title opinions or title certifications) performed for others for a fee as a title insurance agent, title abstractor, title searcher, escrow agent, or closing agent;

D. Services as a speaker, author of legal treatises or lobbyist;
E. Activities as a member of a formal accreditation, ethics, peer review, licensing board, standards review, bar association or similar professional board or committee; and

Pro-bono services in any of the above capacities which are customarily performed for others with the knowledge and consent of the **Named Insured.**

**Professional Services** does not mean

COMPLAINT FOR DECLARATORY RELIEF – PAGE 10
CAUSE NO.

2589322 / 520.0042

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

   A. Services provided as a public official or an employee or representative of a governmental body, subdivision or agency unless such status is due only to the legal services rendered under contract.

   B. Services rendered as a notary in which an **Insured** provides notarization without the signor being present;

   C. Services rendered in relation to or as the promoter, seller or solicitor of securities, real estate or other investments; or

   D. Any activity in the **Insured's** capacity as a Certified Public Accountant, Insurance Broker or Agent or Real Estate Broker or Agent.

…

**Related Claims** means all **Claims** based upon, arising from or in any way related to the same facts, circumstances, situations, transactions or events or the same series of facts, circumstances, situations, transactions or events.

**Related Wrongful Acts** means **Wrongful Acts** which are logically or causally connected by reason of any common fact, circumstance, situation, transaction, casualty, event or decision.

…

**Wrongful Act** means any actual or alleged negligent act, error, omission, misstatement, misleading statement, breach of duty, **Publishing Offense** or **Personal Injury Offense** committed or attempted, or allegedly committed or attempted, or a **Privacy Breach** or **Security Breach** allowed, by an **Insured** in the rendering of, or failure to render **Professional Services** or **Non-Profit Services.** All **Related Wrongful Acts** shall be considered a single **Wrongful Act** and all **Related Wrongful Acts** will be deemed to have occurred at the time the first of such **Related Wrongful Acts** occurred whether prior to or during the **Policy Period.**

  3.53 The Policy also contains the following relevant Exclusions that pertain to the above referenced claims:

This insurance does not apply to **Loss** for any **Claim:**

…
C. <u>Conduct</u>

COMPLAINT FOR DECLARATORY RELIEF – PAGE 11
CAUSE NO.

2589322 / 520.0042

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

Based upon, arising out of or in any way related to:

1.  Any deliberate, dishonest or fraudulent act or omission or willful violation of any statute or regulation by an **Insured;** or

2.  Any **Insured** gaining any profit, remuneration or advantage to which such **Insured** was not legally entitled including but not limited to conversion, commingling, defalcation, misappropriation or other intentional misuse or illegal use of funds, money or property;

However this Exclusion shall not apply to **Defense Expenses** unless and until a final or non-appealable judgment or adjudication in any underlying proceeding or action establishes an **Insured** committed such an act or omission, violation of statute or regulation or gained such profit, remuneration or advantage to which the **Insured** was not legally entitled.

No conduct pertaining to any **Insured Individual** shall be imputed to any other **Insured Individual** for the purpose of determining the applicability of this Exclusion.

…

E. <u>Insured vs. Insured</u>
Brought by or on behalf of any **Insured** unless such **Claim** arises from the **Insured's** rendering of **Professional Services.**
…

G. <u>Contract</u>
Based upon, arising out of or in any way related to liability assumed through, or on account of, any oral or written contract or agreement to which an **Insured** is a party, however this Exclusion shall not apply to liability that would have attached in the absence of such contract or agreement.
…

K. <u>Outside Entities</u>
Based upon, arising out of or in any way related to any entity which is not an **Insured Entity** and:
    1. Is a publicly traded company in which an **Insured** holds an interest of more than five percent (5%);
    2. Is a privately owned entity in which an **Insured** holds an interest of fifteen percent (15%) as a partner, member, principal or stockholder or creditor;
    3. Employs an **Insured Individual;**
    4. Is directly or indirectly operated, controlled or managed by an **Insured.**

M. <u>Management Capacity</u>
Based upon, arising out of or in any way related to any **Insured Individual's** capacity as a director or officer of any entity other than the **Named Insured,** provided however this

COMPLAINT FOR DECLARATORY RELIEF – PAGE 12
CAUSE NO.

2589322 / 520.0042

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

Exclusion shall not apply to the **Insured Individual's** capacity as a director or officer of a **Non-Profit Entity.**

O. <u>False Pretenses</u>
Based upon, arising out of or in any way related to the transfer, payment or delivery of funds, money or property caused or induced by trick, artifice, or the fraudulent misrepresentation of a material fact (including but not limited to social engineering, pretexting, phishing, spear phishing or any other confidence trick).

## IV. <u>CAUSE OF ACTION</u>

### <u>Declaratory Relief: No Duty to Defend or Indemnify</u>

4.1 Plaintiff reasserts and re-alleges the allegations in each of the foregoing paragraphs as fully set forth herein.

4.2 Intrepid and Mr. Huynh seek coverage under the Policy for the allegations asserted in the Skocilich Claim, Guidry Grievance, Takenaka and Rounds Claim, and the Woodard Suit.

4.3 There is an actual and justiciable controversy between plaintiff and defendants with respect to whether the policy provides coverage for the Skocilich Claim, Guidry Grievance, Takenaka and Rounds Claim, and the Woodard Suit, given the claims alleged and the exclusions in the policy.

4.4 Hanover is informed and believes and thereon alleges that Defendants contend that Hanover has a duty to defend and indemnify Defendants Intrepid and Mr. Huynh in connection with the Skocilich Claim, Guidry Grievance, Takenaka and Rounds Claim, and the Woodard Suit.

4.5 Hanover contends that the Policy does not provide coverage for the defense or indemnity of Defendant in the Skocilich Claim, Guidry Grievance, Takenaka and Rounds Claim, and the Woodard Suit, based on the allegations of the pleadings and claim letters respectively


COMPLAINT FOR DECLARATORY RELIEF – PAGE 13
CAUSE NO.

2589322 / 520.0042

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

and the facts known to date.

      4.6    In accordance with the insuring agreement, provisions, terms, conditions, exclusions, and endorsements of the Policy, Hanover has no duty to defend Mr. Huynh or Intrepid in the Skocilich Claim, Guidry Grievance, Takenaka and Rounds Claim, and the Woodard Suit, under the Policy or applicable law, in whole or in part, for the following reasons:

    a.    No coverage is afforded to the extent Mr. Huynh's conduct fell outside of the definition of professional services in the Policy.

    b.    No coverage is afforded to the extent Mr. Huynh had knowledge of the Claim or facts which could have reasonably caused Mr. Huynh or Intrepid to foresee the Claim prior to the effective date of the Policy.

    c.    No coverage is afforded for deliberate, dishonest, or fraudulent act or omission or willful violation of any statute or regulation by Mr. Huynh or Intrepid.

    d.    No coverage is afforded for any insured gaining any profit, remuneration or advantage to which such insured was not legally entitled including but not limited to conversion, commingling, defalcation, misappropriation, or other intentional misuse or illegal use of funds, money or property.

    e.    No coverage is afforded for a Claim that is based upon, arising out of or in any way related to liability assumed through, or on account of, any oral or written contract or agreement to which an Insured is a party.

    f.    No coverage is afforded for a Claim based upon, arising out of, or in any way related to Mr. Huynh's capacity as a director or officer of any entity other than Intrepid.

    g.    No coverage is afforded to Intrepid or Mr. Huynh based upon, arising out of or in any way related to the transfer, payment or delivery of funds,

COMPLAINT FOR DECLARATORY RELIEF – PAGE 14
CAUSE NO.

2589322 / 520.0042

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

money or property caused or induced by trick, artifice, or the fraudulent misrepresentation of a material fact.

4.7 Hanover also relies upon all additional terms, definitions, exclusions, conditions and endorsements in the Policy not specifically identified herein that potentially limit or preclude coverage for the duty to defend Defendants under the Policy for the Skocilich Claim, Guidry Grievance, Takenaka and Rounds Claim, and the Woodard Suit.

4.8 Plaintiff seeks a declaration that its policy does not provide defense or indemnity for the claims made against Mr. Huynh and Intrepid in the Skocilich Claim, Guidry Grievance, Takenaka and Rounds Claim, and the Woodard Suit.

## V. <u>RELIEF REQUESTED</u>

WHEREFORE, Hanover prays for judgment against Defendant as follows:

1. That the Court determine, decree, and adjudge that Hanover is entitled to a declaration that it has no duty to defend any Defendant with respect to the claims made in the Skocilich Claim, Guidry Grievance, Takenaka and Rounds Claim, and the Woodard Suit.
2. That the Court determine, decree, and adjudge that Hanover is entitled to a declaration that it has no duty to indemnify Defendant with respect to the claims made in the Skocilich Claim, Guidry Grievance, Takenaka and Rounds Claim, and the Woodard Suit.
3. For attorneys' fees and costs as allowed by law.
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems fit and proper under the circumstances and evidence.

//

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

Dated this 30th day of April, 2020.

        FORSBERG & UMLAUF, P.S.


By: *s/Carl E. Forsberg*
Carl E. Forsberg, WSBA #17025
Forsberg & Umlauf, P.S.
901 Fifth Ave., Suite 1400
Seattle, WA  98164
Phone: (206) 689-8500
Fax: (206) 689-8501
Email:  CForsberg@foum.law
Attorneys for The Hanover Insurance Company


        FORSBERG & UMLAUF, P.S.


By: *s/Ryan J. Hesselgesser*
Ryan J. Hesselgesser, WSBA #40720
Forsberg & Umlauf, P.S.
901 Fifth Ave., Suite 1400
Seattle, WA  98164
Phone: (206) 689-8500
Fax: (206) 689-8501
Email:  RHesselgesser@foum.law
Attorneys for The Hanover Insurance Company

COMPLAINT FOR DECLARATORY RELIEF – PAGE 16
CAUSE NO.

2589322 / 520.0042

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX