UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>        v.<br><br>INTREPID LAW GROUP, LLC, et al.,<br><br>                    Defendants. | CASE NO. C20-0662JLR<br><br>ORDER TO SHOW CAUSE ON SUBJECT MATTER JURISDICTION |

Before the court is Plaintiff The Hanover Insurance Company's ("Hanover") complaint. (Compl. (Dkt. # 1).) The court has reviewed Hanover's complaint and finds that it does not adequately allege the court's subject matter jurisdiction over this action. (*See generally id.*) Accordingly, the court ORDERS Hanover to file a submission within 14 days of the date of the order demonstrating the court's subject matter jurisdiction.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs.*,

ORDER - 1

*Inc.*, 545 U.S. 546, 552 (2005).  If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987).  The party invoking the court's jurisdiction must allege facts that establish the court's subject matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Rule 8(a) requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a).  Hanover alleges that the court's subject matter jurisdiction rests on 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00 and the action is between citizens of different states.  (Compl. ¶¶ 2.2-2.3.)  Federal law defines diversity jurisdiction in terms of citizenship.  *Lightfoot v. Cendant Mortg. Corp.*, 769 F.3d 681, 690 (9th Cir. 2014) (citing 28 U.S.C. § 1332(a)).  "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Hanover asserts claims against Defendant Intrepid Law Group, LLC ("Intrepid"), and Defendant 4200 Letitia, LLC ("4200 Letitia"), both of which are limited liability companies.  (*See* Compl. ¶¶ 1.2, 1.9.)  A court assessing diversity jurisdiction in a proceeding involving a limited liability company must consider the citizenship of all members of the limited liability company.  *Johnson*, 437 F.3d at 899 ("[A]n LLC is a

1  citizen of every state of which its owners/members are citizens."). However, the only
2  allegations that Hanover provides concerning the members of these Defendants are that
3  Intrepid "is a Washington Limited Liability Company . . . with members residing in the
4  State of Washington" and that 4200 Letitia "is a limited liability company formed under
5  the laws of the State of Washington." (Compl. ¶¶ 1.2, 1.9.)

6  Hanover's allegations are insufficient for the court to determine if it has diversity
7  jurisdiction over this matter. First, Hanover does not allege that all the members of
8  Intrepid are citizens of Washington State. (*See id.* ¶ 1.2.) The court could reasonably
9  interpret Hanover's allegation to mean that only some of Intrepid's members are citizens
10 of this state. (*See id.*) Moreover, Intrepid does not allege the domicile or citizenship of
11 any of the members of 4200 Letitia. (*See id.* ¶ 1.9.) The court cannot be assured of its
12 subject matter jurisdiction because Hanover fails to allege the identity and citizenship of
13 each member of the two limited liability company Defendants. To correct this pleading
14 deficiency and to assure the court's subject matter jurisdiction over this matter, Hanover
15 must provide the court with information concerning both the identity and the citizenship
16 of each member of Intrepid and each member of 4200 Letitia.

17 Based on the foregoing analysis, the court ORDERS Hanover to SHOW CAUSE
18 why this matter should not be dismissed pursuant to Federal Rule of Civil Procedure
19 12(h)(3) for lack of subject matter jurisdiction. Hanover must file a response within 14
20 days of the filing date of this order. If Hanover fails to file a timely response that
21 //
22 //

1  satisfies the court that it has subject matter jurisdiction, the court will dismiss this action
2  without prejudice.
3      Dated this 25th day of June, 2020.

                                        JAMES L. ROBART
                                        United States District Judge